**STATE of Minnesota, Appellant,**

v.

**Anthony Allen SCHNORR, Respondent.**

**No. C3–86–2094.**

Court of Appeals of Minnesota.

April 14, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Vernon D. Swanum, Asst. St. Louis Co. Atty., Duluth, for appellant.

C. Paul Jones, State Public Defender, Bradford William Colbert, Asst. State Public Defender, University of Minnesota, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

### OPINION

HUSPENI, Judge.

Respondent, Anthony Schnorr, is charged with three felony counts for possession of a controlled substance under Minn.Stat. § 152.09, subd. 1(2). The State has appealed a pretrial order that suppressed evidence found as a result of an illegal search. We affirm.

### FACTS

The facts of this case are set out in *State v. Payne*, 403 N.W.2d 273 (Minn.Ct.App. 1987).

The trial court, following an omnibus hearing, ruled that while the initial stop was lawful, the frisk of Schnorr and his companions violated their fourth amendment rights. As a result, the trial court suppressed evidence of the marijuana cigarettes found on Schnorr as well as the statements he made at the time. The trial court did not suppress evidence of the marijuana, percodan and cocaine found in the car under Schnorr's seat, and he still faces three felony charges based on possession of these substances.

## ISSUE

Did the State show clearly and unequivocally that the trial court's ruling was erroneous and that unless it is reversed it will have a critical impact on the trial?

## ANALYSIS

In a pretrial appeal this court will reverse the trial court only if the State shows clearly and unequivocally that the trial court erred in its judgment and that the error will have a critical impact on the outcome of the trial. *State v. Kim*, 398 N.W.2d 544, 547 (Minn.1987). A ruling has a critical impact "where the effect is to seriously impede, although not to completely foreclose, continuation of the prosecution." *Id.* at 551 (quoting IV ABA Standards for Criminal Justice, Criminal Appeals 21–1.4(a)(iii)(2d ed. 1980)).

Schnorr's statements that were suppressed were exculpatory as to the controlled substances found in the car. Schnorr is charged with the felony possession of marijuana, cocaine and percodan. There is no indication that without the marijuana cigarettes the quantity of marijuana alleged to be in Schnorr's possession would be insufficient to constitute a felony. Further, the State has articulated no specific reason why this evidence will have a critical impact on its prosecution of Schnorr. Under these circumstances, we must conclude that the State has failed to show the trial court's evidentiary ruling will have a critical impact on the outcome of the trial. Because we find the State has failed to show the ruling will have a critical impact, we need not decide whether the trial court erred when it suppressed the evidence.

## DECISION

The State has failed to show that the trial court's evidentiary ruling will have a critical impact on the trial and therefore cannot prevail in its pretrial appeal:

Affirmed.